**UNITED STATES, Appellee,**

v.

**Michael E. CAREY, Appellant.**

No. 89–5298.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1989.
Decided March 14, 1990.

Andrea K. Geroge, Minneapolis, Minn., for appellant.

Jeffrey S. Paulsen, Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Michael E. Carey (appellant) appeals from a final judgment entered in the District Court[1] for the District of Minnesota upon a jury verdict finding him guilty of possessing a firearm as a convicted felon. 18 U.S.C. § 922(g)(1) (1988). Because of appellant's prior violent felony convictions, his sentence was enhanced pursuant to 18 U.S.C. § 924(e)(1) (1988). The district court sentenced appellant to 19 years imprisonment, 3 years supervised release and a special assessment of $50. For reversal, appellant raises two issues on this appeal: (1) whether the 19 year sentence, four years in excess of the statutory minimum and the applicable guideline sentence, is unlawful and unreasonable; and (2) whether the prosecutor's use of appellant's prior convictions in closing argument violated appellant's right to a fair trial. For the reasons discussed below, we affirm.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## I.

In December 1988 an informant told a local police officer that appellant, who had just been released from prison, had a firearm in his possession. The police notified the local office of the Bureau of Alcohol, Tobacco and Firearms (ATF). ATF agents set up a sting operation. The informant invited appellant to his trailer for dinner to celebrate appellant's birthday. Two ATF agents attended the dinner and posed as fences interested in stolen property. One ATF agent wore a body wire and recorded most of the evening's conversation. When the conversation turned to a discussion about guns, appellant obtained a gun from his car and showed it to the ATF agents. He pointed out the gun's special features to the agents, including its vented barrel, ground-off hammer, light trigger pull, and capacity to discharge hollow-point bullets. He even mentioned to the agents that, as a felon, it was unlawful for him to possess firearms. One ATF agent attempted to buy the gun, but appellant refused to sell it. After the ATF agents left the trailer, the trailer was surrounded by local police. When appellant left the trailer, he was immediately arrested and searched. A gun was found in his jacket pocket.

Appellant has a long criminal record that includes two federal and one state unlawful firearms possession convictions. Because appellant testified in his own defense, his prior convictions were admitted for impeachment purposes. During the closing argument, the prosecutor urged the jury to consider appellant's criminal record as evidence of his guilt of the offense charged. Defense counsel neither objected nor requested a limiting instruction. Before submission of the case to the jury, the district court instructed the jury as to the proper use of the prior convictions. The jury found appellant guilty and this appeal followed.

## II.

■ We take up appellant's allegations of error in reverse order. While the

prosecutor's closing argument was improper, appellant's counsel neither objected to the remarks nor sought limiting instructions from the court regarding the proper manner in which the prior convictions could be used. Consequently, the issue was not preserved for appellate review. *United States v. Elem,* 845 F.2d 170, 173 (8th Cir.1988); *Patterson v. United States,* 361 F.2d 632, 636 (8th Cir.1966). Out of our deference for liberty, however, we have examined appellant's allegation under the plain error doctrine. Under this standard, an error not identified by a contemporaneous objection will be grounds for reversal only if the error prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected. *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1984). We hold that the prosecutor's closing argument did not prejudice any of appellant's substantial rights. Before submitting the case to the jury, the district court correctly instructed the jury regarding the proper use of prior felony convictions. Moreover, the evidence against appellant was overwhelming, including a tape recording of his own admissions and his physical possession of the gun at the time of his arrest.

## III.

We next consider appellant's allegations that the district court erred in applying the sentencing guidelines. Both parties agree that the enhanced penalty provision codified at 18 U.S.C. § 924(e)(1) is applicable. That section provides for a statutory minimum penalty of 15 years and a maximum term of life imprisonment. *United States v. Blannon,* 836 F.2d 843, 845 (4th Cir.) (statute which imposes no upper limit has a maximum penalty of life imprisonment), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988). *See United States v. Lego,* 855 F.2d 542, 546 (8th Cir.1988) (*Lego*) (§ 924(e)(1) has mandatory minimum sentence of 15 years).

■ If appellant had been sentenced pursuant to Sentencing Guideline § 2K2.1,[2] he

---

**2.** Effective November 1, 1989, Guideline

§ 2K2.1 was repealed and replaced with a new

would have been subject to a sentence in the 27 to 33 month range.[3] However, the Sentencing Guidelines provide that if the guideline sentence falls below the minimum sentence required by statute, the statutory minimum is the guideline sentence. Guideline § 5G1.1(b). Title 18 U.S.C. § 924(e)(1) provides that a person who violates 18 U.S.C. § 922(g) and who has three previous convictions for a violent felony or a serious drug offense shall be imprisoned for not less than 15 years. Because appellant was convicted of violating 18 U.S.C. § 922(g)(1), and has three prior violent felony convictions, the 15 year minimum sentence specified in 18 U.S.C. § 924(e)(1) is appellant's applicable guideline sentence.

Appellant does not dispute that his guideline sentence is 15 years. Appellant challenges the district court's upward departure and imposition of a sentence of 19 years. The district court gave the following reasons for its upward departure:

> The court has imposed a sentence outside the guideline range based upon the conclusion that the penalty provisions of 924(e)(1) are applicable. The court has imposed more than the 15 years minimum term of imprisonment based upon the seriousness of your prior offenses and the fact that your conviction on two prior occasions for the same type of offense has not deterred you.

Transcript at 17, *United States v. Carey*, No. Cr. 4–89–6 (D.Minn. May 25, 1989) (sentencing hearing).

We note first that the district court's decision to depart upward is reviewed under the abuse of discretion standard. *See United States v. Justice*, 877 F.2d 664, 666 (8th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989).[4] Appellant argues that the decision of the district court to depart upward was unreasonable because it was based on factors that the Sentencing Commission had already considered and factored into the calculation of the criminal history score. While this argument may be meritorious in some instances, it lacks merit in this case. The first reason that the district court gave for departing upward is the seriousness of appellant's prior offenses. Guideline § 4A1.3 specifically allows the sentencing court to consider an upward departure "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." We hold that the district court did not abuse its discretion in finding that appellant's criminal history

---

Guideline § 2K2.1 (Nov.1989), which specifies different base offense levels depending on the statute violated. Because appellant was sentenced under the 1987 version of the Guidelines, we are concerned in this case only with the Guidelines as they existed in 1987, and express no opinion on any of the 1989 amendments.

3. Pursuant to Guideline § 2K2.1 (Oct. 1987), receipt, possession, or transportation of a firearm by a prohibited person has a base offense level of 9. None of the adjustments were applicable except for Guideline § 3C1.1, obstruction of justice, which increased appellant's adjusted offense level to 11 by the addition of two points. Appellant was found to have a criminal history category of VI. This was calculated by assigning three points for each of appellant's six convictions between July 1978 and January 1983 for a subtotal criminal history record of 18, Guideline § 4A1.1(a). Two (2) additional points were added because appellant committed the instant offense while on parole, Guideline § 4A1.1(d), and one additional point was added because appellant committed the instant offense

less than two years after being released from imprisonment, Guideline § 4A1.1(e). Consequently, appellant had a total of 21 criminal history points, well above the 13 points required for a criminal history category VI. A total offense level of 11 and a criminal history category of VI place appellant under a guideline sentence in the 27 to 33 months range.

4. We note that this is not a case where the district court has decided to *refrain* from departing upward or downward pursuant to 18 U.S.C. § 3553(b) (1988). A district court's decision to impose a sentence within the guideline range and not depart is unreviewable on appeal. *United States v. Evidente*, 894 F.2d 1000, 1004 (8th Cir.1990). In contrast, a district court's actual upward departure is reviewable when a defendant appeals pursuant to 18 U.S.C. § 3742(a)(3) (1988), *United States v. Williams*, 895 F.2d 435 (8th Cir.1990); as is a district court's actual downward departures when the government appeals pursuant to 18 U.S.C. § 3742(b)(3) (1988), *United States v. Yellow Earrings*, 891 F.2d 650 (8th Cir.1989).

does not adequately reflect the seriousness of his prior criminal history. First, appellant has three felony convictions, two burglaries and a robbery,[5] which are not included in his criminal history score because each was more than 15 years old. *See* Guideline § 4A1.1(a) application note 1 (sentences imposed more than 15 years prior to the instant offense are not counted unless the defendant's incarceration extends into the 15–year period). In addition, appellant has eight misdemeanor convictions which were not included in the criminal history score. Even excluding the above felonies and misdemeanor convictions, appellant still has 21 criminal history points, which is 8 more points than the 13 points needed to reach Level VI, the highest criminal history category. Appellant's serious criminal history is not adequately taken into account by his criminal history category, and the Guidelines specifically allow an upward departure in such instances.

■ The district court identified deterrence as the second reason for its upward departure. Because of appellant's obvious incorrigibility, we hold that the district court did not abuse its discretion in departing upward for purposes of deterrence. The appellant has two prior convictions for the same type of offense and committed the present offense just three months after he finished serving a 97 month sentence for armed robbery. Moreover, defendant knew that he was forbidden to possess a firearm because of his prior felony convictions, and even bragged that he could be sent to prison for life if caught.

■ After review of the specific reasons given by the district court for its upward departure, we hold that its departure was legally permissible and the sentence it imposed was reasonable. *See United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989) (*Michel*); *United States v. Ryan*, 866 F.2d 604, 610 (3d Cir.1989) (*Ryan*).[6] The upward departure was permissible because the seriousness of appellant's prior criminal history and his incorrigibility were not adequately reflected in his criminal history category or in other Guidelines. The legality of the district court's upward departure is further evidenced by the fact that the Sentencing Commission specifically contemplated that prior criminal history may justify an upward departure. *See* Guideline § 4A1.3. Finally, this is not a case where the district court failed to provide specific reasons for its departure. The district court supported its decision to depart upward with two specific, nonconclusory reasons—the seriousness of appellant's prior criminal history and his incorrigibility.[7] The district court's statement of reasons complies with the requirements of 18 U.S.C. § 3553(c)(2).

■ Having determined that it was legally permissible for the district court to depart from the guideline sentence of 15 years, we next consider whether the actual sentence imposed was reasonable. *Michel*, 876 F.2d at 786; *Ryan*, 866 F.2d at 610. We find that the 19 year sentence imposed was reasonable. The sentence was well within the maximum of life imprisonment authorized by 18 U.S.C. § 924(e)(1). In addition, this court has found that a similar sentence for a pre-Guidelines violation of

---

**5.** The robbery conviction not calculated into the criminal history category was a violent crime and gun-related. The record does not reflect whether the two burglary convictions were either violent crimes or gun-related.

**6.** We note that both of these cases address departures from the guideline range made pursuant to 18 U.S.C. § 3553(b). Although the instant action does not involve an 18 U.S.C. § 3553(b) departure, we find the Ninth and Third Circuits two-pronged analysis of legal permissibility/reasonableness to be illuminating. We apply the legal permissibility/reasonableness test only to further demonstrate that the district court did

not abuse its discretion in departing upward from the 15 year guideline sentence.

**7.** The Ninth Circuit's decision in *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989), is therefore distinguishable from this case. In *Michel*, the Ninth Circuit vacated and remanded the defendant's sentence because "[t]he court's conclusory statement of reasons [for the upward departure], however, fails to clearly identify the specific aggravating circumstances present in this case." In this case, the district court's statement of reasons was specific, clear, and nonconclusory.

18 U.S.C. § 924(e)(1) was not excessive. *See Lego,* 855 F.2d at 546. *Accord Blannon,* 836 F.2d at 845 (23 year pre-Guidelines sentence under predecessor to 18 U.S.C. § 924(e)(1) not excessive).

18 U.S.C. § 3553 sets forth the general purposes of sentencing. It counsels that a court should impose no sentence greater than necessary to accomplish the purposes of sentencing. Because of the seriousness of appellant's prior criminal record and the failure of numerous previous convictions and incarcerations to deter him, we hold that the district court did not abuse its discretion in deciding to depart upwards from the 15–year guideline sentence and sentence appellant to 19 years pursuant to 18 U.S.C. § 924(e)(1). Accordingly, the judgment of the district court is affirmed.