UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Dale ANDREWS,
Defendant–Appellant.

No. 90–5571.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1991.

Decided Oct. 29, 1991.

Jeffrey W. Kennedy, Eagan, Minn., for defendant-appellant.

Jerome G. Arnold, James E. Lackner and Paul B. Anderson, Minneapolis, Minn., for plaintiff-appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Richard Dale Andrews appeals his ninety-month sentence for aiding and abetting an armed bank robbery. We affirm.

A grand jury indicted Andrews for two counts of conspiring to commit armed bank robbery, two counts of aiding and abetting armed bank robbery, and two counts of using a firearm during and in relation to the robberies. Pursuant to a written plea agreement, Andrews pleaded guilty to one count of aiding and abetting an armed bank robbery and one count of using a firearm during and in relation to a crime of violence. In exchange, the government agreed to dismiss the other charges. The plea agreement also provided that Andrews "may confess to all other bank robberies" in which he participated; these robberies "may be taken into consideration" by the district court for sentencing purposes; and the government would forego separate prosecutions for these other robberies. Andrews subsequently admitted his participation in several armed robberies in addition to the two for which he had been indicted.

The presentence report (PSR) established an adjusted offense level of 23, and deducted 2 levels for acceptance of responsibility, yielding a total offense level of 21. Based

on a criminal history category of I, the sentencing range on the bank robbery charge was 37 to 46 months. The PSR indicated Andrews had admitted to participating in five unindicted bank robberies in Minnesota, and it described them. The PSR also identified two factors that might warrant an upward departure. The first was that Andrews's criminal history category did not adequately reflect the seriousness of his past criminal conduct due to the age of his prior convictions. The second factor was Andrews's admitted involvement in the five additional bank robberies. Neither the government nor Andrews objected to the PSR.

At sentencing, the district court[1] adopted the factual statements and conclusions of the PSR and imposed a sentence of ninety months for the bank robbery. The court gave the following reasons for imposing this sentence:

> Defendant has admitted to five additional robberies that were not indicted by the Government. Had they been calculated into the Guidelines, the offense level would have been increased to 28. That would establish a sentencing range of 78 to 97 months, based upon a criminal history category of I.
>
> Also, the defendant's criminal history tends to underrepresent the seriousness of his criminal activity, due to the age of the convictions documented by the PSI.

(Sentencing tr. at 14–15). The court also imposed a consecutive five-year sentence for the conviction of using a firearm in relation to a crime of violence. This appeal followed.

■ Andrews contends the district court erred by (1) failing to give adequate notice of its intent to depart from the Guidelines range; and (2) departing upward for conduct adequately addressed by the Guidelines. His first claim fails under *Burns v. United States,* ⸺ U.S. ⸺, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), in which the Supreme Court held:

> [B]efore a district court can depart upward on a ground not identified as a ground for upward departure either in

the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify the ground on which the district court is contemplating an upward departure.

*Id.* 111 S.Ct. at 2187. Here, the PSR expressly noted the presence of factors which might warrant departure. Additionally, prior to the sentencing hearing, the government requested that the district court depart upward from the guidelines range and impose a sentence between 20 and 25 years, citing the same grounds. Formal notice was therefore not required. *See Burns,* 111 S.Ct. at 2187 (stating the giving of formal notice by the trial court is unnecessary when either the PSR recognizes that certain facts could justify an upward departure, or when the government requests such a departure).

■ We also find meritless Andrews's contention that the district court departed upward for conduct adequately addressed by the Guidelines. Under U.S.S.G. § 4A1.3, p.s., a district court may depart upward from the Guidelines range "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." Convictions excluded from a defendant's criminal history score because of their age may be used for departures under Section 4A1.3. *See, e.g., United States v. Russell,* 905 F.2d 1439, 1444 (10th Cir.1990).

The district court did not abuse its discretion in concluding that Andrews's criminal history score significantly underrepresents the seriousness of his past criminal conduct. The PSR lists three prior convictions for armed robbery, possession of stolen mail, and possession of marijuana that were excluded from the criminal history calculation because each occurred more than fifteen years before the instant offense. Andrews did not contest the validity of these convictions. The armed rob-

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

450

bery conviction would yield three points under U.S.S.G. § 4A1.1(a) because Andrews served more than thirteen months in prison for it. His conviction for possession of stolen mail would add one point because the imposition of sentence was stayed. *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(a)(3). Finally, because Andrews ultimately served more than sixty days for possession of marijuana, he would receive two more points. *See* U.S.S.G. § 4A1.1(b). This yields a total of six points, and establishes a criminal history category of III. A criminal history category of III with an offense level of 26[2] yields a sentencing range of 78–97 months, and Andrews's ninety-month sentence falls within this range.

Accordingly, we affirm.

---

**2.** Treating each of Andrews's six additional admitted robberies (five unindicted robberies and one indicted but dismissed robbery) as a count of conviction under U.S.S.G. § 1B1.2(c), and following the grouping rules set out in U.S.S.G.

§ 3D1.1–.4, we conclude Andrews's offense level of 21 could be increased by no more than five levels to 26.