**UNITED STATES of America, Appellee,**

v.

**Jesus ESTRADA, Appellant.**

**No. 91–3628.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1992.

Decided June 1, 1992.

Rick E. Mattox, Eagan, Minn., for appellant.

John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Jesus Estrada appeals from a final judgment entered in the District Court for the District of Minnesota upon resentencing after he pleaded guilty to a drug conspiracy charge and an escape charge. The district court previously sentenced Estrada under the Sentencing Guidelines to concurrent terms of sixty months on the conspiracy charge and twenty-four months on the escape charge, which represented a three-month upward departure from the applicable Guideline range. *United States v. Estrada*, No. 90–5219, slip op. at 2–3 (8th Cir. July 23, 1991) [950 F.2d 726 (table)]. (unpublished per curiam). We vacated the sentence and remanded for resentencing because the district court failed to give notice of its intent to depart. *Id.* at 3. For reversal, Estrada argues the district court erred in departing upward on resentencing. For the reasons discussed below, we affirm Estrada's sentence.

In April 1989 Estrada escaped from a federal prison camp where he was serving a sentence for possession with intent to distribute cocaine. In October 1989 authorities arrested him for the instant drug offense after a high-speed chase; he pleaded guilty to escape, and to conspiring with Tammie Sue Walker to distribute cocaine. When the district court initially sentenced Estrada in April 1990, it assessed a sentencing range of 46 to 57 months based on a combined offense level of 21 (which included a two-level enhancement for obstruction of justice) and a criminal history category of III. The court departed upward because the obstruction-of-justice enhancement did not sufficiently consider the dangers of a high-speed chase; the conspiracy charge was for the same type of conduct as the earlier drug conviction; and Estrada had taken advantage of his coconspirator who was a trusting and vulnerable woman. The concurrent sentences on Estrada's offenses were made consecutive to his earlier drug sentence. *Id.* at 3. After we remanded for resentencing, the district court notified the parties of its intention to depart upward. At resentencing on November 15, 1991, the district court assessed the identical sentencing range as before. It then reimposed the same sentence, relying on the same three aggravating factors.

A sentencing court may depart upward if it finds an aggravating circumstance "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); *see also* U.S.S.G. § 5K2.0, p.s. A sentencing court may also depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3, p.s. This court reviews sentences departing from the Guidelines pursuant to U.S.S.G. §§ 4A1.3 and 5K2.0 under the following test: "(1) as a question of law, whether the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure; (2) as a question of fact, whether the circumstances justifying departure actually exist; and (3) whether or not the sentence is reasonable." *United States v. Thomas*, 914 F.2d 139, 143 (8th Cir.1990). We conclude that Estrada's prior similar criminal conduct and the need for deterrence warranted departure, but the other two factors did not.

*Past Criminal Conduct/Need for Deterrence.* The district court properly relied on the similarity of Estrada's prior offense, and the need to deter him from further such activity, in departing upward. *See United States v. De Luna–Trujillo*, 868 F.2d 122, 124–25 (5th Cir.1989) (upholding upward departure for defendant convicted of conspiring to possess 200 pounds of marijuana where departure was based partly on similarity of defendant's prior conviction for marijuana distribution); *see*

also U.S.S.G. § 4A1.1, comment. (backg'd.) (§ 4A1.3 permits information about the significance or *similarity* of past conduct underlying prior convictions to be used as basis for imposing sentence outside applicable guideline range). We have previously upheld upward departures in felon-in-possession cases, where the departures were based partly on the offender's past use of firearms, which indicated a need for deterrence. *See, e.g., United States v. Lloyd,* 958 F.2d 804, 805–06 (8th Cir.1992); *United States v. Gassler,* 943 F.2d 909, 911 (8th Cir.1991); *United States v. Carey,* 898 F.2d 642, 646 (8th Cir.1990). We reject as meritless Estrada's argument that the consecutive nature of this sentence takes into account his prior similar conduct.

■ *Dangerous High–Speed Chase.* The district court improperly relied on the dangerous high-speed chase in departing upward, because the Commission had specifically considered such chases when the court resentenced Estrada. Effective November 1, 1990, the Sentencing Commission added U.S.S.G. § 3C1.2, which requires the addition of two points to a defendant's base offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The commentary states that where a degree of culpability higher than recklessness is involved, an upward departure above the two-level increase may be warranted. *Id.* at comment. (n.2). These Guideline provisions were applicable on resentencing because the version of the Guidelines of which they were a part did not result in a harsher sentence for Estrada. *See* 18 U.S.C. § 3553(a) (in determining sentence, court shall consider Guidelines in effect at sentencing); *United States v. Kopp,* 951 F.2d 521, 531 n. 16 (3d Cir.1991) (on resentencing district court must apply Guidelines in effect at that time unless ex post facto problems arise) (as amended Feb. 18, 1992). The district court did not find, and the record does not reflect, that Estrada acted with a higher degree of culpability than recklessness during his flight.

■ *Exploitation of Coconspirator.* The court's remarks that Estrada exploited a trusting, vulnerable woman and used her as a pawn in his drug operation do not warrant departure here. Even assuming exploitation of a vulnerable coconspirator could be a permissible basis for departure, there was no support in the record for the court's finding. *See United States v. Sands,* 908 F.2d 304, 306 (8th Cir.1990) (departure must be based on factual findings supported by the record).

■ We must thus determine on the record as a whole whether the district court would have imposed the same sentence had it not relied on the impermissible factors. *See Williams v. United States,* — U.S. ——, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992). If we conclude the district court would have imposed the same sentence and the departure was reasonable, we may affirm the sentence. *Id.* 112 S.Ct. at 1121. The district court placed no special reliance on the high-speed chase and the abuse-of-coconspirator factors. In view of the minimal departure here and the reimposition of the same sentence on resentencing, we conclude the court would have imposed the same sentence even without relying on those factors. We also conclude the sentence was reasonable.

Accordingly, we affirm Estrada's sentence.