**UNITED STATES of America, Appellee,**

v.

**Michael R. GRIESS, Appellant.**

No. 91–1893.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1991.

Decided Aug. 11, 1992.

Rehearing and Rehearing En Banc
Denied Oct. 22, 1992.

William Gerdes, Aberdeen, S.D., for appellant.

Philip Hogen, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before BOWMAN and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.

PER CURIAM.

In sentencing Michael R. Griess, the district court departed upward from the guidelines-specified sentence. Griess appeals, claiming that the departure was improper. We affirm.

## I. BACKGROUND

In October 1989, Griess was charged with one count of making a false declaration while testifying before a grand jury, in violation of 18 U.S.C. § 1623(a), three counts of distributing marijuana, each in violation of 21 U.S.C. § 841, and one count of distributing cocaine, also in violation of 21 U.S.C. § 841. In March 1990, Griess was convicted on all counts.

Griess's presentence investigation report (PSI) calculated a sentencing range of fifteen to twenty-one months in prison. This was determined as follows. Griess's drug distribution counts were grouped as closely-related counts, with a two-point adjust-

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

ment for obstruction of justice added to this sum for Griess's conduct in perjuring himself before the grand jury. The adjusted offense level for the drug distribution counts was then combined with the adjusted offense level for the count of giving a false declaration to the grand jury, for a combined adjusted offense level of fourteen. Griess was denied an adjustment for acceptance of responsibility because he continued to maintain his innocence of distribution of cocaine. Griess's offense level total thus remained at fourteen. Griess received a criminal history category of I. Although Griess had five juvenile offenses, the only offense factored into his criminal history score was one adult conviction in 1980 for driving while intoxicated (one point). The probation officer found no factors warranting departure.

At sentencing the district court departed from the guidelines-specified range and sentenced Griess to forty-two months in prison. Griess appealed, arguing that (1) the departure was not supported by adequate findings and (2) the district court erred in failing to provide notice of its intent to depart. In December 1990, we remanded Griess's case to the district court for resentencing, noting that a district court must give notice of its intent to depart upward when the departure is based on facts not contained in the PSI. *United States v. Griess*, 923 F.2d 860 (8th Cir.1990) (unpublished per curiam). *See United States v. Sands*, 908 F.2d 304, 307 (8th Cir.1990) (when court sentences defendant based on information not contained in PSI or introduced at the sentencing hearing, it must give defendant notice of and opportunity to rebut such information).

On remand, the district court provided Griess with notice of its intent to depart upward and stated that the factors on which the departure would be based were contained in the government's sentencing

memorandum of February 8, 1991, and the transcript of Griess's first sentencing on May 1, 1990. From these sources, and including the transcript of Griess's resentencing on April 9, 1991, we discern the following as the district court's reasons for departing from the guidelines-specified sentence: (1) Griess knew of other people involved with illegal drugs and yet was unwilling to report the names of those people to law enforcement authorities (characterized by the district court as misprision of a felony); (2) Griess perjured himself before the grand jury and at trial and (in the eyes of the district court) suborned the perjury of his wife; (3) Griess is likely to commit more crimes; and, (4) in light of his juvenile record, Griess's criminal history was inadequately reflected in the PSI calculations.[1] Transcript of Sentencing at 6–11 (May 1, 1990). At resentencing, the district court again sentenced Griess to forty-two months in prison.

Griess now appeals from the district court's judgment on resentencing. He argues (1) that the district court's grounds for departure are not supported by adequate findings of fact; (2) that the district court cannot consider his juvenile record; (3) that what the district court characterized as "numerous acts of perjury" was essentially one continuous act and, thus, his perjury cannot be considered as a ground for departure because the behavior had been taken into account in the PSI under the adjustment for obstruction of justice and the denial of an adjustment for acceptance of responsibility; and (4) that the extent of the district court's departure is unreasonable.

## II. DISCUSSION

Our standard for reviewing the district court's decision to depart from Griess's guidelines-specified sentence is informed

---

1. The district court did not clearly delineate the grounds for its decision to depart, but we are certain that the factors listed above adequately summarize the court's bases. One other possible ground for the district court's departure might be found in the district court's observation that Griess "was highly involved in the transfusion of drugs into" the community. Transcript of Sentencing at 8 (April 9, 1991). This strikes us, however, as more of a general comment on the evidence of the case, because Griess's distribution offenses, including the drug amounts used to calculate his offense level, included the conduct to which the district court was referring.

by the Sentencing Reform Act of 1984, a recent Supreme Court decision, and this court's own opinions. Under the 1984 Act, a defendant may file an appeal if the sentence was imposed in violation of law, as a result of an incorrect application of the guidelines, or if the district court departed. 18 U.S.C. § 3742(a) & (b); *Williams v. United States,* — U.S. —, 112 S.Ct. 1112, 1118, 117 L.Ed.2d 341 (1992). A district court may depart from a guideline-specified range only when it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b).

 When a district court departs from the guidelines-specified sentence, and the defendant appeals, we are to conduct two inquiries. First, we must determine whether the sentence was "imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(f)(1); *Williams,* 112 S.Ct. at 1120. If the district court based its departure on a factor fully considered by the Sentencing Commission in establishing the guideline range or on a factor expressly rejected by the Commission as a ground for departure, this constitutes an incorrect application of the guidelines. *Williams,* 112 S.Ct. at 1119. In determining whether a factor was adequately taken into consideration by the Commission, we must look to the actual guidelines *and* the policy statements, among other sources. *Id.* Whether the aggravating circumstance actually exists is a question of fact, reviewed under a clearly erroneous standard, but whether the aggravating circumstance was adequately considered by the Commission is a question of law, reviewed *de novo. United States v. Lang,* 898 F.2d 1378, 1379–80 (8th Cir. 1990). If we determine that the sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines, we must remand the case for further proceedings and provide the district court with appropriate instructions. 18 U.S.C. § 3742(f)(1). If we conclude that the departure was "not the result of an

error in interpreting the Guidelines," *Williams,* 112 S.Ct. at 1120, or "[i]f the party defending the sentence persuades [us] that the district court would have imposed the same sentence absent the erroneous factor," *id.* at 1121, then we proceed to the second step.

The second step is to determine whether the resulting sentence is an unreasonably high "departure from the relevant guideline range." *Id.* at 1120; 18 U.S.C. § 3742(f)(2). "The reasonableness determination looks to the amount and extent of the departure in light of the grounds for departing." *Williams,* 112 S.Ct. at 1121. In assessing reasonableness, we must

> examine the factors to be considered in imposing a sentence under the Guidelines, as well as the district court's stated reasons for the imposition of the particular sentence. [18 U.S.C.] § 3742(e). A sentence thus can be "reasonable" even if some of the reasons given by the district court to justify the departure from the presumptive guideline range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure.

*Id.* If we determine that the departure was unreasonable, then, again, we must remand the case for further sentencing proceedings and provide the district court with any appropriate instructions. 18 U.S.C. § 3742(f)(2)(A). With these principles of appellate review in mind, we will consider each of the four grounds on which the district court in Griess's case based its decision to depart.

 As one ground for departing, the district court referred to Griess's unwillingness to report the names and activities of other people who used and distributed drugs. The district court characterized Griess's unwillingness as a misprision of a felony. Transcript of Sentencing at 9 (May 1, 1990). The district court concluded, "I do not see anywhere in the guidelines where the Sentencing Commission [has] taken such conduct into consideration. And the Court believes that it is a factor that militates [in] favor of a departure upward." *Id.* at 10.

The district court is wrong in its conclusion. The Sentencing Commission *did* take such conduct into account in formulating the guidelines. In § 5K1.2, a policy statement, the Commission stated, "A defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor." *See also Island v. United States,* 946 F.2d 1335, 1339 n. 3 (8th Cir.1991). The Supreme Court explained in *Williams* that

> [w]here ... a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline. An error in interpreting such a policy statement could lead to an incorrect determination that a departure was appropriate. In that event, the resulting sentence would be one that was "imposed as a result of an incorrect application of the sentencing guidelines" within the meaning of § 3742(f)(1).

*Williams,* 112 S.Ct. at 1119. Section 5K1.2, a fairly clear and straightforward policy statement, requires that Griess's unwillingness to assist law enforcement officers in apprehending other drug offenders *not* be used as a ground for departure. Thus, the district court's departure on this basis constitutes an incorrect application of the sentencing guidelines.

■ As a second factor warranting departure, the district court referred to Griess's perjury before the grand jury, his perjury at trial, and his subornation of perjury by his wife.[2] At Griess's first sentencing, the district court stated, "I do not believe ... the Commission took into consideration, the depth and breadth of the obstruction [of justice] in this case." Transcript of Sentencing at 10 (May 1, 1990).

■ The aggravating circumstances of Griess's perjury and subornation of perju-

ry, however, were taken into consideration by the Sentencing Commission and, thus, the district court's departure on this basis is an incorrect application of the guidelines. When a defendant's total offense level has been adjusted for conduct that constitutes an obstruction of justice pursuant to § 3C1.1, a district court cannot depart on the basis of that conduct unless it is significantly more egregious than the acts of obstruction contemplated by the Commission in formulating § 3C1.1. *See United States v. Ward,* 914 F.2d 1340, 1348 (9th Cir.1990); *see also United States v. Dortch,* 923 F.2d 629, 631 (8th Cir.1991) (interpretation of the scope of the obstruction of justice enhancement is a question of law which this court may review de novo). The PSI did not list Griess's perjury at trial and subornation of perjury as reasons for the § 3C1.1 adjustment, but committing, suborning, or attempting to suborn perjury are examples of the very type of conduct to which the obstruction enhancement applies. U.S.S.G. § 3C1.1, n. 3(b); *see also, e.g., United States v. Lawrence,* 918 F.2d 68, 72 (8th Cir.1990) (obstruction proper where defendant had provided diametrically opposed testimony to investigating officers, probation officer, and at sentencing), *cert. denied,* —— U.S. ——, 111 S.Ct. 1399, 113 L.Ed.2d 455 (1991); *United States v. Dyer,* 910 F.2d 530, 533 (8th Cir.) (perjury at trial unquestionably amounts to obstruction of justice within the meaning of § 3C1.1), *cert. denied,* —— U.S. ——, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990).

The government, in its sentencing memorandum to the district court, emphasizes the extent of Griess's perjury at his trial, stating that Griess responded "to no less than eleven questions with unequivocal denials that he had sold drugs." Government's Sentencing Memorandum at 4 (Feb. 11, 1991). Perjury is a serious act against

---

**2.** Apparently, the only evidence that Griess suborned the perjury of his wife was that his wife testified for him and stated that he was innocent. The district court's only significant statement about the suborning of perjury was as follows:

> [Griess] lied in the trial. Now, not only that, but his wife took the stand, and in the Court's

opinion, she lied also. She will have to live with that responsibility, but I cannot help but find that the defendant was perhaps somewhat accountable for her lying before the jury and the Court.

Transcript of Sentencing at 7 (May 1, 1990).

our system of justice, but we find no instances of Griess lying about anything other than that he sold drugs. Griess's perjury, in other words, related to the same subject matter as the perjury before the grand jury: his professed innocence of the drug offenses. Moreover, Griess's conduct did not involve any significant collateral consequences. Thus, the acts of perjury in this case simply were not present to a degree substantially in excess of that contemplated by the Commission in formulating § 3C1.1. Accordingly, we hold that the district court's reliance on perjury and subornation of perjury as factors warranting departure is an incorrect application of the guidelines.

■ As a third ground for departure, the district court relied on Griess's likelihood of future criminal activity, i.e., his incorrigibility. The government, in its memorandum to the district court before resentencing, states that Griess "is obviously, blatantly incorrigible." Government's Sentencing Memorandum at 7 (Feb. 11, 1991). As support for this statement, the government lists a "composite" of factors, including Griess's criminal record, Griess's perjury, and Griess's "aggressive protection of [his] drug distribution network [i.e., his unwillingness to reveal the names of other people involved with drugs]." *Id.* at 6–7.

■ The likelihood that a defendant will continue criminal activity is a legitimate ground for an upward departure. *See* U.S.S.G. § 4A1.3; *United States v. Carey,* 898 F.2d 642, 646 (8th Cir.1990). And, the district court may properly rely on the similarity of a defendant's prior offense, and the need to deter him from further such activity, in departing upward. *United States v. Estrada,* 965 F.2d 651, 653–54 (8th Cir.1992). But the government's statement about Griess's obvious incorrigibility and the district court's departure on this basis appear to us to be unsubstantiated.

We acknowledge that as appellate judges we are not usually in the best position to view the evidence of a defendant's character, but neither the government nor the district court cite any convincing evidence of incorrigibility, nor do we see any evidence of such—especially when Griess is compared to the defendant in *Carey,* which case the government claims (and the district court apparently agreed) supports an upward departure. *See* Government's Sentencing Memorandum at 7–8 (Feb. 11, 1991); Transcript of Sentencing at 11 (May 1, 1990).

The defendant in *Carey* was convicted of being a felon in possession of a firearm and he had two prior convictions for that same offense. In addition, the defendant had committed the offense for which he was then being sentenced "just three months after he finished serving a 97–month sentence for armed robbery. Moreover, defendant knew that he was forbidden to possess a firearm because of his prior felony convictions, and even bragged that he could be sent to prison for life if caught." *Carey,* 898 F.2d at 646. Similarly, the defendant in *Estrada* conspired to distribute cocaine after escaping from federal prison camp where he was serving a sentence for drug crimes and was arrested after a dangerous high-speed chase. *Estrada,* at 653.

There are no facts in Griess's case of the sort present in *Carey* and *Estrada.* Griess had only one adult conviction and several juvenile convictions before his present offenses. Based on these offenses (driving under the influence of alcohol, possession of alcohol as a minor, possession of a controlled substance, and burglary, all of which occurred seven to fifteen years prior to the conduct for which he is now being sentenced), it cannot be said that Griess is so obviously incorrigible as to warrant a departure from the guidelines.[3] Moreover,

---

3. In fact, if we carry the comparison to *Carey* one step further, we note that there is apparently no evidence in Griess's case that he was proud of his criminal activity or that he bragged about it. Before sentencing, Griess in fact expressed remorse about his crimes and expressed an unwillingness to engage in them again:

[Griess]: ... I would just like to say that I've been incarcerated for over 13 months now and I lost my home, vehicles; I lost my job and respect in the community, and I feel the message is coming through that you don't mess with drugs and you don't mess with the court system.

as we have already explained, Griess's perjury and unwillingness to reveal the names of other people involved with drugs cannot be a basis for departure. Thus, the finding that Griess is incorrigible is unsupported by the record and clearly erroneous.

█ As a fourth and final factor, the district court stated that a departure from the guidelines-specified sentence was warranted because Griess's juvenile offenses were not counted in the calculation of his criminal history score and, thus, his actual criminal history was inadequately reflected in the PSI.[4] The Sentencing Guidelines expressly recognize that at times a criminal history score may not adequately reflect the seriousness of the defendant's past criminal conduct. U.S.S.G. § 4A1.3, p.s. In such a case, the court may consider departing from the applicable guideline range. *Id.* If the government is able to show that a sentence outside the applicable time period is evidence of similar misconduct, the court may consider the information in determining whether to depart. U.S.S.G. § 4A1.2, n. 8. Also, convictions excluded from a defendant's criminal history score because of the age of the conviction may be used as a basis for departure under U.S.S.G. § 4A1.3. *See United States v. Andrews,* 948 F.2d 448, 449 (8th Cir.1991). Griess argues that his juvenile offenses are not evidence of misconduct similar to marijuana and cocaine distribution, but we need not decide this because we hold that, whether or not the offenses are evidence of similar misconduct, the district court has discretion to consider this type of conduct under U.S.S.G. § 5K2.0. Accordingly, we believe that the district court properly considered Griess's outdated juvenile offenses as a valid factor for departure.

█ Under the second step of our two-step appellate review we must determine the reasonableness of the district court's departure. The reasonableness determination looks to the amount and extent of the departure in light of the grounds for departing. *Williams,* —— U.S. at ——, 112 S.Ct. at 1121. After carefully considering Griess's criminal record, including his juvenile offenses, we cannot conclude that the district court's sentence was unreasonable. The district court should be allowed considerable latitude in this regard. A sentence of forty-two months does not seem unduly harsh under the circumstances. Accordingly, we hold that the district court properly considered Griess's juvenile offenses as a permissible ground for departure and that the extent of departure undertaken by the district court in this case is supported by reliance on that ground alone. A sentence can be "reasonable" even if some of the reasons given by the district court to justify the departure from the presumptive guideline range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure. *Id.*

## III. CONCLUSION

In conclusion, we hold that departure from the guidelines-specified sentence was warranted in Griess's case, and that the amount and extent of the departure was reasonable in light of the ground for departing. Accordingly, we affirm.

BEAM, Circuit Judge, dissenting.

I respectfully dissent for two reasons. First, although I agree that three of the four grounds cited for departure are improper, and that the fourth ground, inadequate criminal history, may properly be considered under § 5K2.0, I do not agree that the permissible ground supports de-

---

Transcript of Sentencing at 7 (April 9, 1991).

4. Griess's juvenile offenses were not factored into his criminal history score for two reasons. First, a sentence imposed for an offense prior to a defendant's eighteenth birthday is counted only if it resulted from an adult conviction. *See* U.S.S.G. § 4A1.2(d)(1); § 4A1.1, n. 1. Second, if a sentence was imposed more than ten years before the commencement of the instant of-

fense, only sentences that exceed one year and one month are counted. *See* U.S.S.G. § 4A1.2(e)(1) & (2). None of Griess's offenses prior to his eighteenth birthday resulted from adult convictions and all of the sentences imposed more than ten years before the commencement of the instant offense were less than one year and one month.

parture of the magnitude found in this case.

Griess, who is now thirty-three years old, has a juvenile history which consists of two convictions for third-degree burglary when he was fifteen years old (for which he was committed to the State Training School for four months); a conviction for consumption of low point beer and possession of marijuana when he was sixteen years old (for which he was sentenced to one year on probation); a conviction for violation of probation involving daily use of marijuana, consumption of alcohol, and driving without a license when he was sixteen years old (for which his probation was revoked and he was remanded to the custody of the youth services program); and, finally, a conviction for driving while intoxicated when he was seventeen years old (for which he was fined fifty dollars, his driver's license was revoked for forty-five days, and he was sentenced to thirty days—twenty days suspended—and six months probation). PSI at 4–5. As noted in the majority opinion, none of these convictions were counted in calculating Griess's criminal history category. The majority correctly states that a sentencing judge may, under some circumstances, take these into consideration under § 5K2.0. Griess, however, received a sentence greatly in excess of that which he would have received if the juvenile convictions had in fact been used to calculate his criminal history category. If the juvenile convictions were counted, Griess would have a criminal history category of III.[1] According to the Sentencing Table, a criminal history score of III, coupled with Griess's

offense level of fourteen, would result in a sentencing range of twenty-one to twenty-seven months. Griess was sentenced to forty-two months in prison—fifteen months more than the high end of the sentencing range had the offenses actually been counted. In order to receive a sentence of forty-two months, Griess would need a criminal history category of at least VI. Under the circumstances, a sentence of forty-two months is simply not reasonable. As a general rule, I would hold that if a sentence departs from the guideline range because of an inadequate criminal history category, it is unreasonable when it exceeds the guideline sentence calculated with the omitted criminal history taken into account.

Further, Griess's juvenile history does not paint a picture of a hardened criminal. His probation officer noted that Griess's problems began when he "fell into the wrong crowd." PSI at 7. Most offenses are linked to alcohol abuse. *Id.* at 4–5, 7. Griess, who was thirty-one years old at the time of his sentencing, has been consistently employed all of his adult life and was highly regarded by his employers. *Id.* at 8. He has been married to his high school sweetheart for over ten years and the relationship is described as intact and strong. *Id.* at 7. He "expresses a great deal of remorse for the situation he has put his wife in". *Id.* The probation officer found no factors warranting departure. *Id.* at 9. I repeat, I do not believe a departure of this magnitude is warranted by the facts in this case.[2]

Second, and more importantly, I dissent because my review of the record in this

---

**1.** A defendant's criminal history category is determined with reference to U.S.S.G. § 4A1.1. If we were to assume that all of Griess's convictions were adult convictions and that they were less than ten years old, his criminal history category would be only III. This would be calculated as follows: Two points for Griess's sentence for burglaries. *See* U.S.S.G. § 4A1.1(b). One point for his sentence for consumption of alcohol and possession of marijuana. *See* U.S.S.G. § 4A1.1(c). One point for his sentence for driving while intoxicated. *Id.* No points for violation of probation. *See* U.S.S.G. § 4A1.2(k). These four points added to the one point for his adult driving while intoxicated conviction result in five points, or a criminal history category of III. *See* U.S.S.G. Ch. 5, Part

A, Sentencing Table. Even if the probation violation were counted, the result would be six points, which is still a criminal history category of III. *Id.*

**2.** Also, holding a person responsible for outdated acts as a juvenile defies the philosophy of the sentencing guidelines and our system of criminal law. In recognition of the shortcomings of youth, a person is deemed less culpable for his or her juvenile acts. The sentencing guidelines also exclude juvenile acts over ten years old for the reason that the evidence or information concerning the incidents is old and stale. Therefore, I am reluctant to put an inordinate reliance on juvenile acts.

case, and in other cases, convinces me that the primary reason for upward departure was Griess's refusal to name his sources, a reason expressly forbidden by the guidelines. *See* U.S.S.G. § 5K1.2, p.s. It appears from this and other cases reviewed by this court that the district court has a practice of sentencing defendants to a severe sentence when the defendants refuse to name their sources. While I may personally agree with such an approach, the guidelines do not permit the practice and district courts should not advance their own sentencing policies if they are contrary to the guidelines. Although I strongly favor preserving the discretion of the district court in sentencing matters, I think we should not support a violation of the express mandates of the guidelines so long as they are in force. I would, therefore, hold that the district court has abused its discretion in the sentence imposed in this case.