**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jack Warren NOMELAND,**
**Defendant–Appellant.**

No. 92–3954.

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1993.

Decided Oct. 15, 1993.

nal record and the psychological trauma he inflicted on the robbery victims. We affirm.

## I.

In April 1992, Nomeland and Rodney Kirk entered the First American National Bank of Fisher, Minnesota. Nomeland grabbed the lone bank teller, brandished a knife, and announced "this is a robbery." While Nomeland held the teller, Kirk emptied the cash drawer. They then locked the teller and a bank customer in a small room behind the teller counter and fled in a stolen car. They were captured later that day in North Dakota.

Nomeland pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The plea agreement stated that "the government may pursue an upward departure should it be determined that the defendant does not qualify as a career offender." The presentence report (PSR) recommended that Nomeland be sentenced as a career offender under U.S.S.G. § 4B1.1 because of two prior violent felony convictions. Career offender status resulted in a guidelines range of 210 to 262 months.

The Guidelines provide that a prior conviction should not be counted for career offender purposes if the sentence was completed fifteen years before the offense of conviction. See U.S.S.G. §§ 4A1.2(e); 4B1.2, comment. (n. 4). After a hearing, the district court determined that Nomeland is not a career offender because he was paroled from his sentence for one of the prior violent felonies two months more than fifteen years before he committed this bank robbery. The government has not appealed this determination.

Robert D. Richman, Asst. Federal Public Defender, Minneapolis, MN (argued), for defendant-appellant.

B. Todd Jones, Asst. U.S. Atty., Minneapolis, MN (argued), for plaintiff-appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

LOKEN, Circuit Judge.

Jack Warren Nomeland appeals his 162–month sentence for armed bank robbery, arguing that the district court[1] erred in departing upward under the Sentencing Guidelines because of Nomeland's extensive crimi-

Adopting the recommendations in the PSR, the district court next determined that Nomeland's base offense level is twenty-five—level twenty for the robbery, plus a three-level increase for use of a dangerous weapon, a two-level increase for taking the property of a financial institution, and a two-level increase for restraining the victims of the offense, all under U.S.S.G. § 2B3.1(b),

---

[1]. The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota.

minus a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Nomeland's twenty-one criminal history points placed him in Criminal History Category VI, the highest category, producing a guidelines range of 110–137 months. *See* U.S.S.G. Chapter 5A (Sentencing Table).

At the government's urging, and with prior notice to Nomeland, the district court then departed upward under U.S.S.G. § 5K2.0, p.s., and sentenced Nomeland to 162 months. The court explained:

> The court has departed for several reasons. First, because the court does not believe the two-level enhancement for physically restraining victim adequately accounts for the trauma defendant imposed. In addition to physically restraining a bank teller at knife point, defendant also ordered a customer into a back room. The victims have, and continue to suffer dramatically from this event. The court further departs upward because of defendant's significant criminal history which includes violent crimes. Moreover, defendant missed a career offender enhancement under the sentencing guidelines by just several weeks.... Although not subject to a 20 year sentence as required by the career offender guideline, defendant's seemingly endless criminal history warrants an upward departure.

Nomeland appeals this sentence, arguing that neither victim trauma nor his criminal history provides a proper basis for the upward departure on this record.

## II.

Tracking the language of 18 U.S.C. § 3553(b), § 5K2.0 of the Guidelines authorizes a departure from the guideline range if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." In addition, U.S.S.G. § 4A1.3 authorizes an upward departure if "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the like-

lihood that the defendant will commit other crimes."

 We must affirm a district court's departure under § 5K2.0 or § 4A1.3 unless it results from an incorrect application of the Guidelines or is unreasonable. *See Williams v. United States,* —— U.S. ——, ——, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992). In that regard, we examine:

> (1) whether, as a question of law, the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure; (2) whether, as a question of fact, the circumstances justifying departure actually exist; and (3) whether the sentence is reasonable.

*United States v. Davila,* 964 F.2d 778, 784 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 438, 121 L.Ed.2d 358 (1992). When the district court has relied upon a combination of departure factors, its failure to specify whether it departed under § 5K2.0 or § 4A1.3 does not preclude affirmance. *See United States v. Thomas,* 914 F.2d 139, 144 (8th Cir.1990).

### A.

 The district court's decision to depart upward was based primarily upon Nomeland's extensive criminal history. Nomeland has a criminal history score of 21, well above the 13–point threshold for Category VI. *Compare United States v. Carey,* 898 F.2d 642, 646 (8th Cir.1990); *United States v. Day,* 998 F.2d 622, 625 (8th Cir.1993). He committed additional crimes outside the Guidelines' fifteen-year period, which may justify an upward departure. *See* U.S.S.G. § 4A1.2, comment. (n. 8); *United States v. Saunders,* 957 F.2d 1488, 1492 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 256, 121 L.Ed.2d 187 (1992), *and cert. denied,* —— U.S. ——, 113 S.Ct. 991, 122 L.Ed.2d 143 (1993). The district court noted the violent nature of many of Nomeland's prior crimes, concluding: "as we look at your [criminal] history, there's a record of violation of law that includes violence, it includes escape and rather the gamut of crimes that can be committed against the citizens of our country." There can be no doubt that this criminal record is sufficiently unusual in both kind

and degree to warrant departure as a matter of law. As we said in *United States v. Lara–Banda*, 972 F.2d 958, 960 (8th Cir.1992), "an unrepentant, incorrigible recidivist, who poses a significant threat to the safety of the community, should have a sentence imposed which is more severe than that described by the sentencing guidelines."

■ Citing cases from other circuits, Nomeland argues that the district court's reference to the fact that he narrowly missed a career offender enhancement is grounds for reversal. However, these cases stand only for the proposition that a career offender "near miss" *by itself* is an insufficient basis for departure. *See, e.g., United States v. Colon*, 905 F.2d 580, 586 (2d Cir.1990); *United States v. Robison*, 904 F.2d 365, 372–73 (6th Cir.), *cert. denied*, 498 U.S. 946, 111 S.Ct. 360, 112 L.Ed.2d 323 (1990). Here, the district court expressly based its departure on Nomeland's extensive and violent criminal record. In the context of these sentencing proceedings, the court's mention of Nomeland's career offender near miss was understandable after its lengthy hearing on the subject. We conclude this was simply a short-hand reference to the fact that Nomeland had multiple, uncounted violent felonies that must be factored into the upward departure equation, and was not the court's entire analysis of the criminal history factor.

### B.

The district court also departed upward based on its judgment that the two-level enhancement for physical restraint of the robbery victims did not adequately account for the psychological trauma Nomeland imposed upon them. Legally, this is a shakier ground, and Nomeland's principal argument on appeal is that any trauma inflicted upon his victims was not unusual for an armed bank robbery and therefore was adequately taken into account by the offense level increases he received for brandishing a dangerous weapon and confining the victims to facilitate his escape.

■ The Guidelines expressly provide that "extreme psychological injury" may warrant an upward departure "if a victim or victims suffered psychological injury much more serious than that normally resulting from commission of the offense." U.S.S.G. § 5K2.3, p.s. This policy statement goes on to provide:

> Normally, psychological injury would be sufficiently severe to warrant application of this adjustment only when there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms or by changes in behavior patterns. The court should consider the extent to which such harm was likely, given the nature of the defendant's conduct.

Because the offense conduct guideline for armed robbery addresses only bodily injury to victims, *see* U.S.S.G. § 2B3.1(b)(3), inflicting extreme psychological injury on bank robbery victims may warrant an upward departure. *See United States v. Lucas*, 889 F.2d 697, 699 (6th Cir.1989).

■ Nomeland's PSR recited that "the victim bank teller experienced headaches and loss of sleep. She was prescribed medication and met with a chiropractor on two occasions." Although this is some evidence that the victims suffered to an unusual degree as a result of Nomeland's threats and their subsequent confinement, it falls considerably short of the "terror and humiliation" inflicted on the bank robbery victims in *Lucas*, where the robber confined them naked in the bank vault. Standing alone, we doubt whether this factor would warrant a twenty-five month departure above Nomeland's 110–137 month guidelines range. *Compare United States v. Mandel*, 991 F.2d 55, 58–59 (2d Cir.1993).

But the district court did not view the psychological trauma factor in isolation. The court viewed it as one of a combination of aggravating factors that justified an upward departure. We have affirmed upward departures based in part upon psychological trauma that might not have warranted a departure in the absence of additional factors. *See United States v. Passmore*, 984 F.2d 933,

936–37 (8th Cir.1993); *United States v. Perkins,* 929 F.2d 436, 438 (8th Cir.1991). Because psychological trauma is an expressly authorized upward departure factor under § 5K2.3, we conclude that the district court committed no error of law in taking it into account in making its decision to depart upward in this case.[2]

### C.

◼ Even if the district court erred in basing its departure in part on victim trauma, we conclude that the error was harmless. When a departure is based upon both proper and improper grounds, "a remand is appropriate unless the reviewing court concludes, on the record as a whole ... that the error did not affect the district court's selection of the sentence imposed." *Williams,* — U.S. at —, 112 S.Ct. at 1120–21. In this case, the district court's primary focus was on the proper factor, Nomeland's extensive criminal record. Particularly because the court selected a departure that was less than one-half of the difference between the top of Nomeland's guidelines range and the bottom of his career offender range, we conclude that the court would have imposed the same sentence had it not considered the victim trauma factor. *Compare United States v. Estrada,* 965 F.2d 651, 654 (8th Cir.1992).

### D.

Nomeland did not object to the PSR's fact assertions in the district court, and he does not challenge the district court's factual findings as clearly erroneous on appeal. Nor does he argue that the twenty-five month departure was unreasonable. Based upon our independent review of the record, we conclude that it is reasonable and therefore must be upheld.

---

**2.** Both the statute, 18 U.S.C. § 3553(b), and U.S.S.G. § 5K2.0, p.s., permit a departure if there is *"an* aggravating or mitigating circumstance...." Some courts have therefore questioned whether a departure may ever be warranted because of "a combination of factors independently insufficient." *United States v. Mogel,* 956 F.2d 1555, 1566 n. 6 (11th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 167, 121 L.Ed.2d 115 (1992).

### III.

◼ Finally, Nomeland raises two issues that were not raised in the district court and therefore require little discussion. First, he argues that the district court's notice that it intended to depart did not refer to the psychological trauma factor and therefore failed to "specifically identify the ground on which the district court is contemplating an upward departure." *Burns v. United States,* — U.S. —, —, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991). This is an issue that should be raised in the district court to give that court an opportunity to cure any prejudice. Nomeland does not state how he was prejudiced, except to assert in conclusory fashion that he was denied an opportunity to contest the issue. Moreover, the sentencing transcript reflects that the district court provided its notice by a letter to counsel that is not part of the record on appeal; therefore, we cannot find plain error.

◼◼ Second, Nomeland alleges that the district court erred in failing to consider the three-level downward adjustment for acceptance of responsibility authorized in the November 1992 guideline amendments, which went into effect just before he was sentenced. *See* U.S.S.G. § 3E1.1(b). However, the new increased adjustment is not automatic. The defendant must either timely provide complete information to the government concerning his involvement in the offense, or must quickly notify the government of his intent to plead guilty so it need not prepare for trial. In this case, Nomeland did not plead guilty until the eve of trial, after his numerous pretrial motions had been denied. There is no showing that he timely provided complete information as to his involvement in the offense. Thus, denial of the additional acceptance-of-responsibility adjustment was not plain error. *See United*

*See also United States v. Higgins,* 967 F.2d 841, 845 (3d Cir.1992). The propriety of considering a combination of factors seems implicit from the Supreme Court's discussion in *Williams v. United States,* — U.S. —, 112 S.Ct. 1112 (1992). But in any event, we need not consider that question here because Nomeland's criminal history, standing alone, clearly justified an upward departure.

**750**

*States v. Ball,* 999 F.2d 339, 340–41 (8th Cir.1993).

The judgment of the district court is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because, as the court notes, the district court relied on matter that it was not entitled to in sentencing the defendant, I respectfully suggest that it is not possible for us to affirm this case under the rule announced in *Williams v. United States,* —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). That case requires us to remand if we cannot conclude "that the error did not affect the district court's selection of the sentence imposed." *Id.* at ——, 112 S.Ct. at 1121. The court asserts that the district court would have imposed the same sentence without reliance on the impermissible grounds. Since I regard this conclusion as speculative, I would remand for resentencing.