# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2181

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| John Edward Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 21, 1998
Filed: September 3, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

John Edward Williams pleaded guilty to possessing a computer disk containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  From a Guidelines imprisonment range of 27 to 30 months, the district court[1] departed upward under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997) to impose a 60-month sentence. The court indicated at sentencing that Williams's Category III criminal history did not adequately reflect his background (specifically, his juvenile conviction for the murder

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

of a six-year-old child), that Williams likely would have engaged in more criminal activity had he not been incarcerated for so much of his life, and that he presented "a continuing threat to the community based upon his extensive past history of sadistic and violent sexual behavior." Williams appeals, arguing that the departure was not warranted and that the extent of departure was excessive. We affirm.

"We review departure decisions under a 'unitary abuse-of-discretion standard.'" United States v. Washington, 109 F.3d 459, 462 (8th Cir. 1997) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). Under section 4A1.3, departure is warranted where a defendant's "criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes."

Williams's argument that the district court considered unauthorized factors is not supported by the record. We conclude the court properly considered Williams's unscored murder conviction and mental health professionals' assessment of his capacity for future violence--as recited in the presentence report (PSR) without objection--as valid bases for departure under section 4A1.3. See United States v. Flores, 9 F.3d 54, 56 (8th Cir. 1993) (in absence of objection, court may rely on PSR's factual allegations); United States v. Griess, 971 F.2d 1368, 1374 (8th Cir. 1992) (per curiam) (juvenile offenses excluded from defendant's criminal history score because of age of conviction may be used as basis for departure); cf. Washington, 109 F.3d at 462 (affirming upward departure from Category IV where defendant had resumed criminal activity promptly upon each release from prison; noting that it seemed only incarceration had kept criminal history low); United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992) (in making § 4A1.3 departure, court properly considered defendant's continuing pattern of assault and capacity for future violence), cert. denied, 506 U.S. 1058 (1993).

We also conclude that the district court permissibly increased Williams's criminal history category from III to VI and his base offense level from 16 to 17, and that the court adequately explained and supported the departure. See USSG § 4A1.3, p.s. (if criminal history category under-represents history, court should look to next category to guide its departure; if history warrants upward departure from Category VI, court should move down offense levels on sentencing table until it finds range appropriate to case); United States v. Collins, 104 F.3d 143, 145 (8th Cir. 1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-