69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
James E. WILLIAMS, Appellant.
 No. 94-4122EA
 United States Court of Appeals, Eighth Circuit.
 Nov. 3, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James E. Williams appeals his seventy-two month sentence imposed by the district court after Williams pleaded guilty to using an unauthorized access device with intent to defraud. We affirm.
 
 
 2
 Williams contends the district court improperly departed upward from the Guidelines sentencing range based on Williams's extensive criminal record. We disagree. The district court did not commit clear error in finding Williams had accumulated twenty-two criminal history points and Williams's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood Williams would commit other crimes. See United States v. Saunders, 957 F.2d 1488, 1492 (8th Cir.), cert. denied, 113 S.Ct. 256 (1992), and cert. denied, 113 S.Ct. 991 (1993); United States v. Carey, 898 F.2d 642, 645-46 (8th Cir.1990). The district court thus had the authority to depart upward under U.S.S.G. Sec. 4A1.3 (1993). Considering that Williams's sentence is well below the ten year statutory maximum for his offense, see 18 U.S.C. Sec. 1029(c)(1) (1988), his sentence is reasonable, and the upward departure was proper. See Saunders, 957 F.2d at 1493; Carey, 898 F.2d at 646.
 
 
 3
 Williams's remaining arguments are meritless. The district court did not commit error in enhancing Williams's sentence for obstruction of justice, because Williams's co-defendant and the co-defendant's mother testified at sentencing that Williams had used threats and intimidation to discourage them from assisting in the criminal investigation. U.S.S.G. Sec. 3C1.1 (1993); id. n. 3(a). Having received an obstruction of justice enhancement, Williams was not entitled to a reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1 n. 4 (1993). Further, a reduction was unwarranted because the district court found Williams had falsely denied his involvement in some relevant conduct. Id. n. 1(a).
 
 
 4
 We have carefully reviewed the record and the Anders brief filed by Williams's counsel, and we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988); Anders v. California, 386 U.S. 738 (1967).
 
 
 5
 Accordingly, we affirm Williams's sentence.