_____

No. 96-1162
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Dana Thompson, also known as       *
Dee,                               *
                                   *
          Appellant.               *

     _____                        Appeals from the United States
                                        District Court for the
     No. 96-1163                        District of Minnesota.
     _____
                                        [UNPUBLISHED]

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Andre Dewayne Williams, also       *
known as Bam,                      *
                                   *
          Appellant.               *


                              _____

          Submitted:  July 19, 1996

              Filed:  August 12, 1996
                              _____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                              _____

PER CURIAM.

Andre Dewayne Williams and Dana Thompson challenge the sentences imposed by the district court[1] following their guilty pleas to conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  We address each appeal in turn, and affirm.

**WILLIAMS**

On appeal, Williams first argues the court erred by assessing a firearm-possession enhancement under U.S.S.G. § 2D1.1(b)(2).  For the enhancement to apply, "the government has to prove by a preponderance of the evidence that it is not clearly improbable that the weapon had a nexus with the criminal activity."  United States v. Richmond, 37 F.3d 418, 419 (8th Cir. 1994), cert. denied, 115 S. Ct. 1163 (1995).

Here, the record shows that the government produced sufficient evidence, because the firearm was found in Williams' garment bag and near the drugs, and Williams was using his residence to package and distribute drugs.  See United States v. Williams, 10 F.3d 590, 595-96 (8th Cir. 1993) (where residence was used for drug dealing, sufficient nexus existed between weapon found in second-floor bedroom and drugs found in first-floor kitchen); United States v. Hammer, 3 F.3d 266, 270 (8th Cir. 1993) (presence of guns in house where drugs were packaged and sold sufficient), cert. denied, 114 S. Ct. 1121 (1994).  Although Thompson testified at Williams' sentencing hearing in an attempt to exonerate Williams on this issue, the district court found the testimony was not credible, and that finding is virtually unassailable.  See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993).  We thus conclude the district court did not clearly err by assessing the enhancement.  See Richmond, 37 F.3d at 419 (standard of review).

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Williams also argues the district court clearly erred by denying him an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We reject this argument because the record shows Williams minimized his responsibility and role in the offense. See United States v. Behr, 33 F.3d 1033, 1037 (8th Cir. 1994).

We deny Williams' "Emergency Motion to Appoint Replacement Counsel on Appeal."

**THOMPSON**

At Williams' sentencing hearing, Thompson provided testimony which the district court found to be "a blatant and unmitigated lie." At the beginning of Thompson's sentencing hearing the next day, the district court advised the parties it was contemplating an upward departure based on Thompson's conduct. After the parties addressed the matter, and without objection, the district court assessed a two-level increase for obstruction of justice, see U.S.S.G. § 3C1.1, departed upward seven months based on U.S.S.G. § 5K2.0, p.s., and sentenced Thompson to 144 months imprisonment and eight years supervised release.

On appeal, Thompson argues that the district court failed to provide reasonable notice of its intent to depart upward. See Burns v. United States, 501 U.S. 129, 138 (1990) (court must give parties "reasonable notice" that it is considering departing upward on ground not identified in presentence report). Based on the circumstances of this case, we conclude Thompson had reasonable notice: the conduct primarily triggering the departure occurred the day before his sentencing.

Thompson also argues the district court erred in departing upward. We reject this claim. First, the Guidelines expressly authorize departure when a sentencing court finds "that there

exists an aggravating . . . circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."  18 U.S.C. § 3553(b); see U.S.S.G. § 5K2.0, p.s.   Here, the district court concluded that a two-level increase for obstruction of justice did not adequately address Thompson's egregious conduct.  Cf. United States v. Jagim, 978 F.2d 1032, 1038-39 (8th Cir. 1992) (affirming § 5K2.0 upward departure for egregious obstruction of justice where sentencing court chose not to apply § 3C1.1, which would have permitted only two-level enhancement), cert. denied, 508 U.S. 952 (1993). Second, we conclude the record supports the existence of the circumstances justifying departure, namely, the extent to which Thompson lied under oath. Finally, we conclude that a seven-month upward departure was proper, because the resulting sentence was below the statutory maximum for the offense (life imprisonment), and deference is accorded district courts on this issue.  See 18 U.S.C. § 841(b)(1)(B); Saunders, 957 F.2d 1488, 1493 (8th Cir.) (court of appeals gives deference to district court and respects its "superior `feel' for the case" (quoted case omitted)), cert. denied, 506 U.S. 889 (1992), and cert. denied, 506 U.S. 158 (1993); United States v. Carey, 898 F.2d 642, 646 (8th Cir. 1990) (affirming departure from 180 months to 228 months, and noting sentence was well within statutory maximum).

Accordingly, the judgments are affirmed.

A true copy.

        Attest:

            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.