**UNITED STATES of America, Appellee,**

v.

**Gaylon Don BALL, Appellant.**

No. 92–3890.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1993.

Decided July 15, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 20, 1993.

Paul Johnson, Little Rock, AR, for appellant.

Larry H. Ferrell, Cape Girardeau, MO, for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Gaylon Don Ball appeals the 327–month sentence imposed on him by the district court[1] following his guilty pleas to conspiring to manufacture amphetamine and to attempting to manufacture amphetamine, in violation of 21 U.S.C. § 846. We affirm.

Ball was arrested by state authorities for assaulting his girlfriend's child. Ball's girlfriend told the authorities the details of the assault; she also told them that Ball was operating a drug laboratory in his barn. While Ball was in custody on the assault charge in the Dunklin County, Missouri jail, federal agents began an investigation of the

---

2. Order filed August 4, 1992, *Slotten v. Hoffman, et al.,* No. 4:92CV0417–DJS (E.D.Mo.).

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

drug laboratory. They searched the barn on Ball's property and discovered materials necessary for manufacturing amphetamine. Ball then cooperated with the federal agents by admitting that he had attempted to manufacture amphetamine. The presentence report (PSR) indicated that after Ball admitted the drug-manufacturing offenses, but before he was indicted for those offenses, he attempted to escape from the county jail.

Based on the attempt to escape, the PSR recommended that Ball's offense level be increased under U.S.S.G. § 3C1.1 for obstruction of justice. The PSR also recommended a two-level decrease under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Ball objected to several provisions of the PSR, including its increase for obstruction of justice. Ball did not object to the recommendation that he be given only a two-level reduction for acceptance of responsibility. At his sentencing hearing, Ball testified that he did not attempt to escape. The Dunklin County sheriff, however, testified that Ball asked a trustee at the jail to help him escape and that he did try to escape. The district court found that the sheriff's testimony was more believable than Ball's testimony and that Ball had attempted to escape from the jail. The court therefore concluded that Ball's sentence should be increased for obstruction of justice. Adopting all of the other Guidelines calculations in the PSR, the court sentenced Ball to 327 months' imprisonment and six years' supervised release.

Ball argues on appeal that the enhancement for obstruction of justice was improper because the attempted escape (if it occurred at all) was an attempt to escape from custody on the state charge of assault and was not an attempt to escape from custody on the federal drug charges—the "instant offenses." Although he did not raise this argument in the district court, Ball also argues that because he timely provided complete information to the government about his involvement in the drug-manufacturing offenses, the district court should have granted him a three-level reduction for acceptance of responsibility under Guidelines section 3E1.1(b), rather than only a two-level reduction under section 3E1.1(a).

■ Guidelines section 3C1.1 requires a two-level increase in a defendant's offense level if the defendant willfully obstructs or attempts to obstruct the administration of justice during the investigation, prosecution, or sentencing of the "instant offense." The term "instant offense" refers to the offense of conviction. *United States v. Dortch*, 923 F.2d 629, 632 (8th Cir.1991). The commentary to the Guideline provides that an attempt to escape from custody before trial or sentencing is conduct to which the enhancement applies. U.S.S.G. § 3C1.1, comment. (n. 3(e)). Whether section 3C1.1 applies in this case is a question of law that we review de novo. *Id.* at 631.

■ Having conducted such a review, we conclude that Ball's conduct in attempting to escape from the county jail constituted an obstruction of the investigation of the offenses of conviction and that the district court therefore properly enhanced his sentence. Prior to the escape attempt, Ball had cooperated with federal officials in their investigation of his drug-manufacturing activities and admitted that he had attempted to manufacture amphetamine in his barn. Because Ball was facing the federal drug charges at the time, his attempt to escape from custody constituted not only an attempt to obstruct the state assault proceedings but also an attempt to obstruct the investigation of his federal offenses. *Cf. United States v. Emery*, 991 F.2d 907 (1st Cir.1993) (holding that attempted escape from state custody prior to initiation of federal investigation into offense of conviction was proper basis for obstruction-of-justice enhancement); *United States v. Roberson*, 872 F.2d 597, 609–10 (5th Cir.) (rejecting defendant's argument that he hid deceased man's credit card in seat of police car upon being arrested in order to obstruct only state murder investigation and not federal credit-card-fraud investigation), *cert. denied*, 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989).

■ Because Ball failed to assert below that he was entitled to a three-level reduction for acceptance of responsibility, we will not reverse the district court unless there is plain error resulting in a fundamental mis-

carriage of justice. *See United States v. Williams,* 994 F.2d 1287, 1294 (8th Cir.1993); *United States v. Ragan,* 952 F.2d 1049, 1049 (8th Cir.1992) (per curiam). We conclude there was no fundamental miscarriage of justice in this instance.

The judgment is affirmed.