43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick LIPSEY, Defendant-Appellant,
 No. 93-3739.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1994.
 
 Before: LIVELY and SUHRHEINRICH, Circuit Judges; and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Derrick Lipsey, appeals his June 30, 1993 sentence for violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A)(ii) and 846. Defendant maintains that the district court: (1) abused its discretion in denying the appellant's motion for a withdrawal of his guilty plea; (2) clearly erred in its calculation of the amount of drugs involved in the offense; (3) clearly erred in enhancing appellant's sentence based on his obstruction of justice; and (4) clearly erred in enhancing appellant's sentence based on appellant's role as a manager or supervisor. In addition, defendant contends that a substantial variance exists between the offense charged in the indictment and the factual basis offered during the plea hearing.
 
 
 2
 We have carefully considered the arguments and the record on appeal, and we find no error in the district court's reasoning. Therefore, we affirm the district court's decision with respect to all issues, for the reasons articulated by the district court at the hearing on June 30, 1993 and in its July 6, 1993 opinion and order.
 
 
 3
 With respect to the court's decision relating to the sentence enhancement for obstruction of justice, we add the following explanation in support of our determination.
 
 
 4
 Defendant contends that the district court erred in enhancing his offense level two levels for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1. Section 3C1.1 states that:
 
 
 5
 [i]f, the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels.
 
 
 6
 Application Note 3 of Sec. 3C1.1 sets forth a non-exhaustive list of the types of conduct to which the obstruction of justice enhancement applies. "[E]scaping or attempting to escape from custody before trial or sentencing ...," is listed.
 
 
 7
 The district court heard testimony from Deputy Mitchell that appellant attempted to bribe him with up to 18 ounces of cocaine in return for Mitchell's assistance in helping appellant escape (J.A. at 104-08 and 319). The district court acknowledged that it had:
 
 
 8
 not found any case, nor any further guidance in the guidelines themselves, which would answer the question whether an attempt to bribe a guard to assist in escaping is the equivalent of an attempt to escape, but it is clear that this particular guideline would apply to an attempt to bribe a witness, and thus the Court concludes that bribing a guard or attempting to bribe a guard in an attempt to escape would fall within the spirit and meaning of this guideline, and that it would call for the enhancement specified by this guideline....
 
 
 9
 (J.A. at 320).
 
 
 10
 We find that the court analyzed this issue in accordance with the commentary to Sec. 3C1.1. Application Note 2 states that "[a]lthough the conduct to which this enhancement applies is not subject to precise definition, comparison of the examples set forth in Application Notes 3 and 4 should assist the court in determining whether application of this enhancement is warranted in a particular case."
 
 
 11
 The court concluded that bribing a guard to assist defendant in escaping is covered by Application Note 3(e) of Sec. 3C1.1. See generally United States v. Ball, 999 F.2d 339, 340 (8th Cir.1993); see also United States v. McGill, 32 F.3d 1138, 1144 (7th Cir.1994). We are not persuaded that this conclusion by the district court and the decision of the district court to enhance defendant's sentence pursuant to Sec. 3C1.1 was clear error or abuse of discretion. See United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 666, 116 L.Ed.2d 757 (1991); see also United States v. Jackson, 25 F.3d 327, 331 (6th Cir.1994), cert. denied, --- S.Ct. ----, 1994 WL 500628 (Oct. 11, 1994). Accordingly, we AFFIRM the district court.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation