_____

No. 95-3976
_____

Dale Howard,                        *
                                    *
          Appellant,                *    Appeal from the United States
                                    *    District Court for the
     v.                             *    Eastern District of Missouri.
                                    *
Paul Caspari,                       *
                                    *
          Appellee.                 *
_____

          Submitted: September 9, 1996

             Filed: November 4, 1996
_____

Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and
     HANSEN, Circuit Judge.
_____

WOLLMAN, Circuit Judge.


     Dale Howard appeals from the district court's[1] denial of his 28
U.S.C. § 2254 petition.  We affirm.


                                   I.


     On January 14, 1984, Howard entered the home of the victim and his
wife, an elderly couple, intending to take money from them.  When the
victim was uncooperative, Howard assaulted him.  A police officer found the
victim lying semi-conscious on the floor.  The victim's wife's face was cut
and bruised.  The victim was brought to a hospital, where he died on
January 24, 1984.  The pathologist who performed the autopsy determined,
with reasonable medical

_____

[1]The Honorable Edward L. Filippine, United States District
Judge for the Eastern District of Missouri, adopting the report and
recommendation of the Honorable Frederick R. Buckles, United States
Magistrate Judge for the Eastern District of Missouri.

certainty, that the victim died from pneumonia resulting from his hospitalization and coma, consequences of the victim's brain damage resulting from multiple, traumatic head injuries. The pathologist's testimony also indicated that the head injuries were caused by intentional blows from an instrument wielded by another.

Howard lived in the same neighborhood as the victim and was an occasional informant for one of the detectives who eventually arrested him. Within a week after the victim's beating, the detective had asked Howard to report anything he learned about the crime. More than two years later, the detective and his partner saw Howard on the street and asked to speak with him. Howard voluntarily got into the back of the detective's car and brought up the subject of "what happened over there by my street." The detectives gave Howard his <u>Miranda</u> warnings, which he acknowledged. Howard then voluntarily made incriminating statements, including: "[a]ll that trouble happened way back when I was drinking"; "I went up to the man, but I just wanted a couple of dollars"; "I told the old man I wanted some money, but he refused to give it to me, and he gave me some trouble"; and "he was like yelling at me and he raised his fist so I just hit him." The detectives then arrested Howard.

At the police station, after signing a waiver, Howard wrote out the following statement:

> I told the police that I went to the old man's house and knocked at his door, so the old man opened the door, I went into the house with a stick. I went into the house and the old man was yelling at me. All I wanted was some money. He tried to hit me but I hit him with my stick three times. He was yelling at me so his wife came into the front room so I hit her. I was drinking a lot. That's why I tried to get some money that day. I remember it was a Saturday and this house was just up from where I lived. All I got was a purse that has some money in it. When I left the old couple was on the front room floor. /s/ Dale Howard.

Howard then made a videotaped statement, in which he admitted that he was the victim's neighbor; that he was "pretty loaded" at the time of the crime; and that he pushed his way into the victim's house when the victim's wife answered the door. He denied having a stick or hitting the victim with his fist, but admitted pushing the victim and accepting the victim's wife's offer of $30.

A jury convicted Howard of first degree murder, first degree burglary, and two counts of armed criminal action. The Missouri Court of Appeals affirmed. State v. Howard, 738 S.W.2d 500 (Mo. App. 1987). Howard's motion for post-conviction relief was denied following an evidentiary hearing. The Missouri Court of Appeals refused to review the motion on the ground that it was unverified. Howard then filed this section 2254 petition.

## II.

Howard contends that the evidence was insufficient to sustain his conviction because the trial court admitted incriminating statements without corroborating them or establishing the "corpus delicti" of the crime.

The state must establish the corpus delicti by showing that the alleged injury to the victim occurred and that a person caused it. Once the corpus delicti is established, the conviction may rest on the defendant's otherwise uncorroborated confession, which by itself would have been insufficient to support a conviction. Lufkins v. Leapley, 965 F.2d 1477, 1482 (8th Cir.) (citing Smith v. United States, 348 U.S. 147, 152 (1954)), cert. denied, 506 U.S. 895 (1992).

The Missouri Court of Appeals made several findings of fact, which we presume to be correct. These findings include: the fact that the victim died; the fact that two people were in the victim's home, which comports with Howard's story; the fact that the victim

was found in the living room, which is the place Howard stated he left the victim; the pathologist's testimony that the victim's death was caused by intentionally inflicted blows to the victim's head, which comports with Howard's alternative statements that he either hit the victim or pushed him; and the fact that the victim's wife's face was cut, which corresponds to Howard's statement that he struck the victim's wife. This corroborating evidence was sufficient to establish the corpus delicti and to support Howard's conviction. See United States v. Todd, 657 F.2d 212, 217-18 (8th Cir. 1981) (defendant's confession sufficiently corroborated by "evidence that [the victim] died, that his remains were located in the exact spot described by [the defendant], and that an autopsy showed head injuries consistent with the description by [the defendant] of [the victim] being struck with a tire iron"), cert. denied, 455 U.S. 926 (1982).

## III.

Howard also asserts that he was denied effective assistance of counsel because his trial counsel failed to move to suppress Howard's inculpatory statements. Howard argues that his counsel should have moved to suppress the statements because Howard told her that he did not receive his Miranda warnings, because the confession was involuntary since Howard allegedly cannot read or write effectively, and because the detectives coerced Howard into signing a confession that he thought was a job application. Putting aside the question of procedural default, we conclude that Howard's counsel was not ineffective.

To prevail on a claim of ineffective assistance of counsel, Howard must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by that substandard performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Parker v. Bowersox, 94 F.3d 458, 461 (8th Cir. 1996).

Howard's counsel's performance met the objective standard of reasonableness. First, Howard himself admits that he received the <u>Miranda</u> warnings before he made the statements. Thus, it was not only reasonable but prudent for counsel to decline to argue the contrary.

Second, Howard's alleged inability to read and write does not necessarily render his confession involuntary. A confession will be considered involuntary only if the defendant's will was overborne, law enforcement officers acted improperly, or the confession was not the product of a rational intellect. <u>United States v. Bordeaux</u>, 980 F.2d 534, 538-39 (8th Cir. 1992). Howard introduced no evidence showing that an inability to read or write tainted his confession. Howard gave an oral confession, first to the detectives and then on videotape. In addition, Howard also wrote a statement by hand, which contradicts his assertion that he cannot write.

Third, no other evidence indicated that Howard's statements were coerced or the product of an irrational intellect. Howard volunteered his initial statements to the detectives. He offered no other evidence of coercive tactics by law enforcement officers. In addition, he wrote out his written confession himself, which belies his assertion that he thought it was a job application. Given these circumstances, Howard's attorney did not act unreasonably in declining to argue the involuntariness of Howard's confession.

Although we do not normally consider the pro se brief of a party represented by counsel, <u>see, e.g.</u>, <u>United States v. Marx</u>, 991 F.2d 1369, 1375 (8th Cir.), <u>cert. denied</u>, 510 U.S. 1018 (1993), we have considered Howard's pro se claims that trial counsel was ineffective for failing to allege that Howard's arrest was illegal and that his statements were the fruits of an illegal arrest. We find these claims to be without merit.

-5-

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.