# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1499

_____

| | |
|---|---|
| Pany Thong Sysouvong, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa |
| Herb Meschner, Warden, | * |
| Iowa State Penitentiary, | * (PUBLISHED) |
| | * |
| Appellee. | * |

_____

Submitted:   March 8, 1999

Filed:   March 22, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
SACHS,[1] District Judge.

_____

PER CURIAM.

Pany Thong Sysouvong (petitioner), an Iowa inmate, appeals from a final judgment entered in the United States District Court[2] for the Northern District of Iowa

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Donald E. O'Brien, United States District Judge for the District of Iowa.

dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pany Thong Sysouvong v. Meschner, No. C 92-3091 (N.D. Iowa Jan. 27, 1998) (judgment). For reversal, petitioner argues that the district court erred in denying relief on his claim that his confession and other incriminating statements used as evidence at his criminal trial were obtained in violation of the Sixth Amendment. Id. (order) (hereinafter "slip op."). The district court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Petitioner's notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a). For reasons stated below, we affirm.

Petitioner was one of several Laotians who attended a party at the home of Nam Baccam in Mason City, Iowa, on October 25, 1986. A fight broke out between some Laotian men and two Mexican men, and the two Mexican men were each stabbed with a knife. One of them, Nicholas Gomez, died as a result of his wounds. Afterward, police found a pocket knife in the street in front of the Baccam residence. Petitioner apparently had changed out of his clothes at the Baccam residence. Blood was found on petitioner's clothes, and blood and skeletal muscle were found in the pocket of his jeans. On October 29, 1986, while at his residence in Worthington, Minnesota, petitioner was asked by law enforcement officers to accompany them to the Worthington law enforcement center, and he agreed. After arriving at the law enforcement center, petitioner waited for approximately half an hour and then his shoes were taken from him and placed in paper bags, which were stapled closed. Approximately one hour later, he was taken to an interrogation room. With the assistance of Chom Nignomsavahn, an interpreter from the Department of Refugee Services in Des Moines, petitioner was read a Miranda warning in English and in Laotian. He indicated that he would waive his rights and thereafter was questioned about the murder. He confessed to stabbing Gomez in the stomach. He also made incriminating statements to the booking officer and later to his cell mate at the county jail.

Petitioner was charged in Iowa state court with the murder of Gomez. He moved to suppress his confession and incriminating statements arguing, among other things, that he had not voluntarily, knowingly, and intelligently waived his <u>Miranda</u> rights. After an evidentiary hearing, the state trial court denied his motion to suppress based upon findings of fact and conclusions of law. <u>See</u> slip op. at 3-4. A jury found petitioner guilty of first degree murder, and he was sentenced to life without parole. He appealed his conviction and again challenged the validity of his waiver of <u>Miranda</u> rights. The Iowa Supreme Court affirmed his conviction and denied his subsequent application for further review. Petitioner filed an application for post-conviction relief in state court, but his application was dismissed as untimely filed.

Petitioner then brought the present habeas action in federal district court, asserting numerous claims for relief. The district court dismissed all of petitioner's claims except for his claim challenging the constitutionality of his waiver of <u>Miranda</u> rights. After additional briefing by the parties and a hearing on that issue, the district court entered an order on January 27, 1998, dismissing the remaining claim. Upon entering final judgment, the district court issued a certificate of appealability pursuant to 28 U.S.C. § 2253 and Fed. R. Civ. P. 22(b).

The only claim at issue in this appeal is petitioner's assertion that his confession and incriminating statements were obtained in violation of the Sixth Amendment because, as a Laotian immigrant with limited command of the English language and no familiarity with the American legal system, he could not have voluntarily, knowingly, and intelligently waived his <u>Miranda</u> rights under the totality of the circumstances. Upon careful review, we hold that the district court did not err in denying petitioner relief on this claim. To begin, the district court appropriately applied the presumption of correctness under 28 U.S.C. § 2254 to the factual findings made by the state trial court in rejecting petitioner's motion to suppress. <u>See</u> slip op. at 10-13 (citing <u>Miller v. Fenton</u>, 474 U.S. 104, 112 (1985); <u>McKee v. Nix</u>, 995 F.2d

833, 837-38 (8th Cir.), <u>cert. denied</u>, 510 U.S. 998 (1993)). Moreover, the district court correctly concluded that the record does not support petitioner's contention that coercive circumstances surrounding the interrogation, together with cultural and language barriers, prevented him from voluntarily, knowingly, and intelligently waiving his <u>Miranda</u> rights. As the district court held, the evidence supports the conclusion that petitioner's waiver was voluntary because it suggests neither that petitioner's will was overborne, that the officers acted improperly, nor that petitioner lacked a rational intellect. <u>See</u> <u>Howard v. Caspari</u>, 99 F.3d 895, 898 (8th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 1831 (1997). As to petitioner's argument that he failed to understand the nature and effect of the waiver, the district court observed: "[i]t is hard to imagine any additional measures that could have been taken to ensure that he would fully understand all of the proceedings taking place." Slip op. at 20.[3] We agree with the district court that the evidence also supports the conclusion that petitioner knowingly and intelligently waived his <u>Miranda</u> rights because it suggests that petitioner did, in fact, understand the nature and effect of his actions. In sum, we affirm the district court's denial of the petition for a writ of habeas corpus. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]The district court, with the assistance of an independent interpreter, reviewed word-by-word the English-to-Laotian translation of the <u>Miranda</u> warning used by Nignomsavahn, the original interpreter. <u>See</u> slip op. at 19.

-4-