# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-4040

_____

United States of America

*Plaintiff - Appellee*

v.

Michael James Longoria

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 27, 2013
Filed: November 7, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Longoria pleaded guilty to one count of possession of a counterfeit check, in violation of 18 U.S.C. § 513(a). At his sentencing hearing, the district

court[1] imposed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 due to Longoria's attempted escape from state custody. On appeal, Longoria challenges this sentencing guidelines enhancement. We affirm.

State authorities arrested Longoria on July 14, 2011 for using a counterfeit check. Longoria was incarcerated in the Hot Spring County Jail in Malvern, Arkansas pending state charges. While there, Longoria and his girlfriend devised a plan of escape. On December 9, 2011, state authorities arrested Longoria's girlfriend as she attempted to help Longoria escape. At the time of Longoria's attempted escape, federal authorities were investigating his use of counterfeit checks. Longoria does not dispute that federal authorities interviewed him about this conduct in July 2011, several months before his failed escape. Moreover, three days before Longoria's attempted escape, a federal grand jury indicted him on nine counts of possession of a counterfeit check. Longoria alleges that he did not learn of this indictment until after he attempted to escape from state custody.

Longoria pleaded guilty to one of the counts in the federal indictment, and the Government subsequently moved to dismiss the remaining counts. Prior to Longoria's sentencing hearing, the Government objected to the presentence report because it did not include a two-level enhancement for obstruction of justice under § 3C1.1. At the sentencing hearing, Longoria's counsel conceded the facts of Longoria's attempted escape but argued against the enhancement because "anything [Longoria] did was not trying to avoid [] federal prosecution." The district court agreed with the Government and imposed the two-level enhancement for obstruction of justice, which resulted in an advisory guidelines range of 33 to 41 months' imprisonment. The district court then granted the Government's motion for an

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

upward departure based on Longoria's criminal history and sentenced him to 72 months' imprisonment.

"We review a district court's factual findings underlying an obstruction of justice enhancement for clear error and its construction and application of the guidelines de novo." *United States v. Mendoza-Gonzalez*, 363 F.3d 788, 796 (8th Cir. 2004). Section 3C.1.1 of the guidelines provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense by 2 levels.

U.S.S.G. § 3C1.1. The application notes specify that an enhancement for obstruction of justice applies to an attempted escape from custody before trial or sentencing. U.S.S.G. § 3C1.1, cmt. n.4(E). Longoria makes two arguments for why the district court improperly imposed the obstruction of justice enhancement, both of which are foreclosed by controlling precedent. First, Longoria argues that § 3C1.1 does not apply because his attempted escape from state custody did not obstruct the investigation, prosecution, or sentencing of "the instant offense of conviction." Second, Longoria argues that he could not have "willfully obstructed" the federal investigation into his use of counterfeit checks because he was unaware of the federal indictment against him when he tried to escape.

An obstruction of justice enhancement can result from a defendant's attempt to escape from state custody. *United States v. Ball*, 999 F.2d 339, 340 (8th Cir. 1993). In *Ball*, while recognizing that "[t]he term 'instant offense' [in § 3C1.1] refers to the offense of conviction," we nonetheless affirmed the enhancement because the

defendant's failed escape was an attempt to obstruct both the state proceedings and the federal investigation. *Id.* Furthermore, an enhancement under § 3C1.1 is proper where, at the time of the obstructive conduct, a defendant is unaware of the federal investigation that led to the offense of conviction but is aware of a state investigation that involves a "closely related offense." *United States v. Brown*, 461 F.3d 1062, 1072 (8th Cir. 2006).[2]

The district court properly imposed the obstruction of justice enhancement based on Longoria's attempted escape from state custody. Longoria does not dispute that he was interviewed by federal authorities about his use of counterfeit checks before he tried to escape. Consistent with *Ball*, Longoria's attempted escape was therefore an attempt to obstruct both the state and the federal investigations into his use of counterfeit checks. *See* 999 F.2d at 340 (noting that defendant had "cooperated with federal officials" prior to escape attempt); *see also United States v. Martin*, 369 F.3d 1046, 1061 (8th Cir. 2004) (explaining that willful conduct "occurs with knowledge of an investigation, or at least with a correct belief that an investigation is probably underway" (emphasis omitted) (quoting *Brown v. United States*, 169 F.3d 531, 536 (8th Cir. 1999)). That Longoria was unaware of the federal indictment against him when he tried to escape makes no difference. *See* 999 F.2d at 340 (affirming obstruction enhancement where defendant had not been indicted at the time he attempted to escape); § 3C1.1 (stating that obstruction enhancement applies to obstructive conduct "with respect to the investigation . . . of the instant offense of conviction"). Even assuming that Longoria was unaware of the federal investigation when he attempted to escape, "[t]his distinction is irrelevant" since the state investigation, of which Longoria was aware, "involved a closely related offense."

---

[2]Section 3C1.1 of the guidelines has been amended several times since we decided *Ball* and *Brown*. None of these amendments, however, upset their holdings on the issue of conduct that obstructs both state and federal investigations and/or proceedings.

*Brown*, 461 F.3d at 1072. Here, both the federal and the state investigations centered on Longoria's use of counterfeit checks. More specifically, the federal investigation produced a nine-count indictment for possession of a counterfeit check on nine occasions throughout May, June, and July 2011. Similarly, the state investigation stemmed from Longoria's use of a counterfeit check on July 14, 2011. As in *Brown*, the state investigation into Longoria's conduct "involved a closely related offense." *See id.* Thus, regardless of whether Longoria knew of the federal investigation into his conduct, the district court properly imposed the two-level sentencing enhancement pursuant to § 3C1.1.

For the foregoing reasons, we affirm the district court's application of the obstruction of justice enhancement.[3]

_____

_____

[3]Longoria also filed two *pro se* briefs and a *pro se* motion to "enforce appellant to prevail on his *pro se* supplemental brief." Since Longoria was represented by counsel on appeal, we ordinarily do not consider these submissions. *See, e.g.*, *Howard v. Caspari*, 99 F.3d 895, 898 (8th Cir. 1996). Nevertheless, we have considered the arguments raised in Longoria's *pro se* submissions, and we conclude that they are uniformly without merit. *See United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010). We also deny defense counsel's motion to withdraw. Counsel may renew his motion after informing Longoria about his option to petition for rehearing and about the procedures for petitioning the Supreme Court for certiorari, in compliance with Part V of our plan to implement the Criminal Justice Act. *See United States v. Smith*, 410 F.3d 426, 432 n.6 (8th Cir. 2005).