# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3457

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| David L. Chesborough, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 15, 2003

Filed:  June 26, 2003

_____

Before BOWMAN and BYE, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

BOWMAN, Circuit Judge.

David L. Chesborough appeals the decision of the District Court[2] to depart upward from his sentencing guideline range.  We affirm.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Chesborough pleaded guilty to one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).  In the plea agreement, Chesborough admitted to knowingly possessing six firearms.  Before sentencing, the District Court advised the parties that it was considering an upward departure.  At sentencing, the District Court found that Chesborough's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit future crimes.  The District Court noted that Chesborough "has about as lengthy a criminal record as any defendant [the district court has] seen."  Transcript of Continued Sentencing Hearing at 48 ("Sentencing Tr.").  After detailing Chesborough's lengthy criminal record, which began in 1958, the District Court observed that Chesborough "received no criminal history points for four prior burglary convictions, two prior convictions involving firearms, seven prior convictions for theft or the like, four prior convictions for offenses involving motor vehicles, two prior convictions for assaultive conduct, and one prior conviction for fraud."  Id. at 54–55.  The probation officer did not include any of this criminal history in Chesborough's criminal history calculation because it was too old to be counted.  See United States Sentencing Guidelines (U.S.S.G.) § 4A1.2(e)(3) (2001).  Based on these facts, the District Court increased his criminal history level by three levels (from category II to V) under U.S.S.G. § 4A1.3 and § 5K2.21.  Given Chesborough's offense level of 20, the upward departure resulted in a sentencing range of sixty-three to seventy-eight months.  Id. Ch.5, Pt.A.  The District Court sentenced Chesborough to seventy months of imprisonment.  On appeal, Chesborough argues that the District Court abused its discretion in departing upward because a criminal history category II does not understate the seriousness of his past criminal conduct.

At the outset, we note that, after this case was submitted for consideration, Congress enacted legislation that affects the standard of review for departure issues under the sentencing guidelines.  PROTECT Act, Pub. L. No. 108-21, § 401, 117 Stat. 650, 667 (Apr. 30, 2003).  In pertinent part, the statute appears to require

de novo review of all cases in which a district court departs from the applicable guideline range.  See id. § 401(d)(2).  Prior to the enactment of this law, our review of a district court's decision to depart from the applicable guideline range was for an abuse of discretion.  See United States v. Thornberg, 326 F.3d 1023, 1026 (8th Cir. 2003) (citing Koon v. United States, 518 U.S. 81, 91 (1996)).  We need not address the issue of what the current standard of review is for a district court's departure from the sentencing guidelines because we would affirm the upward departure at issue here under either standard of review.  See Thornberg, 326 F.3d at 1026 n.4 (noting that under the Protect Act, the court would also affirm the district court's upward departure).

A district court may depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3.  In addition, § 5K2.21 permits a district court to "increase the sentence above the guideline range to reflect the actual seriousness of the offense based on conduct (1) . . . underlying a potential charge not pursued in the case as part of a plea agreement . . . and (2) that did not enter into the determination of the applicable guideline range."  In this case, the District Court relied on both of these provisions in departing upward from the applicable guideline range.  After a careful review of the record, we are fully satisfied that in departing upward from the guideline sentencing range, the District Court neither abused its discretion nor, if a de novo standard be employed, did it err as a matter of law.

Chesborough first argues that a criminal history category of II does not understate the seriousness of his past criminal conduct. We reject this argument. The presentence report (PSR) reflects the fact that Chesborough is a recidivist criminal. During the last forty-five years, he has been convicted of approximately twenty crimes.  Chesborough fails to cite even a single case in support of his claim that an upward departure is unwarranted in these circumstances.  Moreover, other than

objecting to one paragraph concerning his criminal history,[3] Chesborough made no other objections to the twenty-four paragraphs in the PSR, which detailed his lengthy criminal history. See PSR ¶¶ 28–52. As noted previously, the probation officer did not include many of those past offenses in Chesborough's criminal history calculation because of the age of those offenses. We have previously held that "[c]onvictions excluded from a defendant's criminal history score because of their age may be" the basis for an upward departure. United States v. Andrews, 948 F.2d 448, 449 (8th Cir. 1991). The record before us demonstrates a high likelihood of recidivism, and we conclude the District Court did not err in determining that Chesborough's criminal-history score failed to reflect what has been his actual and continual criminal conduct over many years.

We also reject Chesborough's contention that the District Court impermissibly ruled that his possession of six firearms amounted to six different felonies and that an upward departure under § 5K2.21 cannot be justified on this ground. Chesborough's base offense level and offense characteristic calculation was founded on his possession of six firearms. In this case, the government charged him with only one count of being a felon in possession of a firearm. But as the District Court observed, each firearm Chesborough unlawfully possessed could have been charged as a separate federal crime. Although this was not the primary basis for the upward departure, we see no error in the District Court's reliance on the possession of multiple firearms as some justification for an upward departure. See U.S.S.G. § 5K2.21.

---

[3]In that objection, Chesborough objected to the statement in the PSR that he was convicted of burglary in Fresno, California in 1958. See Addendum to the PSR at 1, Objection #2. In response, the probation officer noted that "an NCIC records check revealed that [Chesborough] was arrested on 7/30/59 and charged with burglary in Sacramento County" and sentenced to a term of imprisonment. Id.

For the reasons stated, we find no error in the District Court's upward departure.  Chesborough's sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.